SUCCESSION OF HUGH EDWARD TEAL                    NO. 22-C-321

                                                   FIFTH CIRCUIT

                                                   COURT OF APPEAL

                                                   STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
First Deputy, Clerk of Court

                              August 02, 2022

                              Susan Buchholz
                              First Deputy Clerk

**IN RE** SANDRA TEAL, THE UNIVERSAL LEGATEE UNDER THE PROBATED LAST WILL AND
TESTAMENT DATED JULY 29, 2020

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH
OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE VERCELL
FIFFIE, DIVISION "A", NUMBER 79,68

---

                    Panel composed of Judges Marc E. Johnson,
                 John J. Molaison, Jr., and June B. Darensburg


       **WRIT GRANTED**

       Relator, Mrs. Sandra Teal, seeks expedited review of the 40th Judicial
District Court's July 13, 2022 order prohibiting the distribution of "fund(s) of the
succession or [any] amount held in the name of Hugh Edward Teal[, Mrs. Teal's
late husband, . . .] in any manner to pay amounts due to and for any debts payable
to, for, or by any successor, legatee, or any other person involved or attached to
this litigation without an order to do so from" the district court. Relator alleges
that the district court erred when 1) it "nullified the authority of the duly appointed
and confirmed Independent Testamentary Executor and precluded the parties from
resolving the case via settlement by freezing the assets of the estate"; and 2) failed
to grant two pending, unopposed motions: Intervenor Thomas Smith's Motion to
Withdraw Claims and Dismiss with Prejudice; and Relator's Ex Parte Unopposed
Motion to Authorize Executor to Make an Advance to The Universal Legatee
("Unopposed Motion,") which requested the trial court to again confirm the
statutory authority of the Testamentary Independent Executor to make an advance
to Relator to fund her settlement payments to Margaret and Diane Teal Robinson[1],
collateral family members of decedent. Margaret and Diane Teal instituted
litigation against Mrs. Teal in a separate proceeding also before Judge Vercell
Fiffie. For the following reasons, we grant the writ application.

       Decedent, Hugh Edward Teal, died testate February 24, 2021, leaving a
notarial will. Decedent was survived by his spouse, Sandra Zeagler Teal, with

---

[1] Margaret Teal is the widow of decedent's deceased brother, and Diane Teal Robinson is their
daughter and, thus, decedent's niece.

whom he was living and residing at the time of his death. Decedent had no children (natural, adopted, or filiated).

> Prior to decedent's death, he executed a notarial will that was attested to before a notary and two witnesses (also attorneys). Decedent's will provided for an independent administration, and named and appointed Mr. Feingerts, relator, as independent executor of his estate, with full seizin and without bond, to carry out its dispositions. Following decedent's death, on February 25, 2021, pursuant to La. C.C.P. art. 2853, the attorneys for Sandra Teal, filed a Petition to Probate decedent's notarial will and to confirm the appointment of Mr. [Bruce L.] Feingerts, relator, who accepted the appointment as independent executor of decedent's estate.

*Succession of Teal*, 21-226 (La. App. 5 Cir. 6/4/21); 2021 WL 2301802 at *1-2. In the previous writ application regarding this matter, Mr. Feingarts was the relator. This Court found that 1) La. C.C.P. arts. 3091 and 3094 do not apply when the decedent died testate; and 2) and once presented with the notarial testament, hearing no contest from the *parties* to the succession, the trial court was under a *mandatory* obligation to probate it in accordance with the mandates set forth in the testament. We ordered the district court to order the probate of the decedent's notarial will pursuant to La. C.C.P. art 2891, and remanded the matter to the trial court for further proceedings consistent with that disposition. On June 29, 2021, the trial court ordered the authorization of the independent administration, confirmed the appointment of Mr. Feingerts as Independent Executor, without bond, and "FURTHER ORDERED that all necessary steps required by the laws of the State of Louisiana and all other legal requirements are to by conformed with."

In a letter dated June 6, 2022, counsel for the Collateral Teals advised the district court that all of their differences with Mrs. Teal and Mr. Feingerts, in his capacity as Independent Executor of the succession, have been resolved and that they would be filing dismissal motions in both Docket No. 74716 and the instant matter. Intervenor, Thomas Smith, who had joined the Collateral Teals in their claims against the Applicant, also notified the District Court on June 20th, 2022 that he was withdrawing his claims with prejudice. Mr. Smith filed a Motion to Withdraw Claims and Dismiss with Prejudice[2].

Relator then filed an Ex Parte Unopposed Motion to Authorize Executor to Make an Advance to The Universal Legatee ("Unopposed Motion") on July 1, 2022. Relator advised that all parties affected by this Motion were contacted and and consented to the motion in accordance with Local Rule 9.8(f). Rather than grant the Unopposed Motion confirming the independent executor's statutory authority, the district court issued an order on July 13, 2022, *sua sponte*, "freezing all estate funds, in effect converting the Succession proceeding from an independent administration to an ordinary administration." Relator advised that as of Monday, July 18, 2022, he is in technical default of the settlement agreement because the July 13, 2022 order prohibits him, as independent executor, from facilitating the settlement payment to the Collateral Teals.

---

[2] Mr. Smith's motion was granted by the district court on July 14, 2022.

Upon review of the record, we find that the district court's July 13, 2022 order restricting the independent executor's ability to act without prior court authorization for the succession was a constructive removal of an independent administrator. An independent administrator has all the rights, powers, authorities of other succession representatives, including the authority needed to pay debts and settle lawsuits, but without the necessity of obtaining court approval to exercise them. La. C.C.P. art. 3396.15. The court may remove an independent administrator for the same reasons that a succession representative may be removed. § 15:30. Independent administrator, 10 La. Civ. L. Treatise, Successions And Donations § 15:30 (2d ed.).

> The procedure for removal of a succession representative is governed by Louisiana Code of Civil Procedure articles 3182 and 3396.20. Article 3182 provides, in pertinent part, "The court on its own motion may, and on motion of any interested party shall, order the succession representative sought to be removed to show cause why he should not be removed from office." Similarly, Article 3396.20 authorizes the court "on motion of any interested person, after a contradictory hearing" to remove an independent administrator for any of the reasons provided by applicable law. In a contested proceeding, these articles require a rule to show cause and a contradictory hearing to remove a succession representative.

*In re Succession of Cannata*, 14-1546 (La. App. 1 Cir. 7/10/15); 180 So.3d 355, 365, *writ denied,* 15-1686 (La. 10/30/15); 180 So.3d 303; Therefore, the trial court erred when it stripped the independent executor of his authority without giving him notice and an opportunity to appear and show cause why he should not be removed. *See Succession of Cannata*, *supra*.

Based on the foregoing, the writ application is granted. We vacate the district court's July 13, 2022 order and remand the matter for further proceedings consistent with this disposition.

Gretna, Louisiana, this 2nd day of August, 2022.

**MEJ**
**JJM**
**JBD**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/02/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**22-C-321**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED

40th District Court (Clerk)
Honorable Vercell Fiffie (DISTRICT JUDGE)
Robert Felder (Respondent)          Ashley L. Belleau (Relator)
Tyler J. Arbour (Relator)           Kevin P. Klibert (Relator)

### MAILED

John D. Stevens (Respondent)        Ryan M. Tucker (Relator)          Carl V. Williams (Respondent)
Attorney at Law                     Attorney at Law                  Attorney at Law
132 Terra Bella Boulevard           601 Poydras Street               935 Gravier Street
Covington, LA 70433                 Suite 2775                       Suite 720
                                    New Orleans, LA 70130            New Orleans, LA 70112

Sharrolyn J. Miles (Respondent)
Attorney at Law
Post Office Box 2503
Laplace, LA 70069

4/2/22

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John D. Stevens
Attorney at Law
132 Terra Bella Boulevard
Covington, LA 70433
22-C-321                    08-02-22

9590 9402 2434 6249 3639 70

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 7165

PS Form 3811, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

8/2/22

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Sharrolyn J. Miles
Attorney at Law
Post Office Box 2503
Laplace, LA 70069
22-C-321                          08-02-22

|||||||||||||||||||||||||||||||||||||||||||||
9590 9402 2434 6249 3639 87

2. Article Number (Transfer from service label)

7016 2070 0000 0954 7158

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____    ☐ Agent
                             ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Sharon Uh                         9/1/22

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

SECURITY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

8/2/22

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ryan M. Tucker
Attorney at Law
601 Poydras Street
Suite 2775
New Orleans, LA 70130
22-C-321                                    08-02-22

SECURITY

9590 9402 2434 6249 3639 56

2. Article Number (Transfer from service label)

7016 2070 0000 0954 7189

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X M. Payne
☐ Agent
☐ Addressee

B. Received by (Printed Name)
M. Payne

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt